# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Albertha H. West, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:17-cv-01265-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER** |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
|                 Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 22), filed on January 16, 2018, recommending that the decision of the Commissioner be reversed pursuant to sentence four of 42 U.S.C. § 405(g), and that this case be remanded for further administrative action consistent with the Report.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

On January 31, 2018, Defendant replied to the Report (ECF No. 23), stating that she was not going to file any objections to the Report (ECF No. 22). Plaintiff also did not file any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. As neither party objects to the Report or its finding, the court **ACCEPTS** the Report (ECF No. 22), **REVERSING** Defendant's decision in this case pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDING** this matter for further administrative action by the Social Security Administration in a manner consistent with the Report.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 20, 2018
Columbia, South Carolina